UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA G. MILLSAPS, | No. 2:15-cv-1337-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| RICHARD B. IVES, et al., | |
| Defendants. | |

Plaintiff Patricia G. Millsaps, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

According to the second amended complaint,[2] plaintiff, an African American woman,

---

[2] After filing the original complaint, plaintiff filed a first amended complaint and a second amended complaint. (ECF Nos. 1, 3, 4.) Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may only amend her complaint once as a matter of course. Because plaintiff did not obtain the court's leave to file a second amended complaint, that pleading is technically unauthorized and could be stricken. Nevertheless, in light of plaintiff's pro se status and in the interests of judicial efficiency, the court retroactively grants plaintiff leave to file the second

previously worked as a correctional officer at FCI Herlong, but was later terminated for leaving her keys and radio unattended, even though plaintiff claims that she was never properly trained on the prison's rules and procedures for key control and use, and had not timely received her performance evaluations. Plaintiff alleges that, although another white correctional officer committed similar violations, he was not terminated from his position, but instead received less severe discipline. Plaintiff also appears to allege that she was terminated for making complaints about sexual and other inappropriate conduct towards her by inmates. (See generally ECF No. 4.)

Liberally construed, plaintiff's complaint purports to assert causes of action for discrimination and retaliation based on race and sex under Title VII of the Civil Rights Act of 1964, as well as other state law-type causes of action (such as intentional infliction of emotional distress and intentional misrepresentation) against defendants FCI Herlong, Richard B. Ives (as the warden of FCI Herlong), the Federal Bureau of Prisons, the United States Department of Justice, and Loretta Lynch (in her official capacity as the Attorney General of the United States). (ECF No. 4.)

As an initial matter, the court notes that Loretta Lynch (in her official capacity as the Attorney General of the United States) is the only proper defendant in this action. "Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'" Vinieratos v. United States of America, 939 F.2d 762, 772 (9th Cir. 1991) (quoting 42 U.S.C. § 2000e-16(c)); see also Sommatino v. United States, 255 F.3d 704, 707 n.1 (9th Cir. 2001). The Federal Bureau of Prisons is an agency within the Department of Justice, and the head of the Department of Justice is the Attorney General of the United States. See, e.g., Soos v. United States Dep't of Justice, 2012 WL 1366579, at *1 (D. Ariz. Apr. 19, 2012).

Furthermore, plaintiff's additional non-Title VII causes of action fail to state a claim on which relief can be granted.

---

amended complaint, and considers it as the operative complaint for purposes of screening pursuant to 28 U.S.C. § 1915. However, plaintiff is hereby cautioned not to file any further amended complaints, unless the court first grants leave to do so. Any further unauthorized pleadings will be summarily stricken.

> When a federal employee asserts a claim under Title VII, that statute is exclusive of any other remedy against not only the federal government, but also against individual federal employees alleged to have participated in the discrimination…The purpose of Title VII was to create an exclusive preemptive administrative and judicial scheme for the redress of federal employment discrimination…For this reason, a plaintiff may not bootstrap additional causes of action against the United States, the agency, or individual employees onto his Title VII complaint.

Carlson v. Veneman, 2002 WL 413807, at *1 (N.D. Cal. Mar. 12, 2002); see also White v. General Services Admin., 652 F.2d 913, 914 (9th Cir. 1981) ("We also conclude that a Title VII action against the federal government is the exclusive judicial remedy for federal employment discrimination and for retaliation for filing a charge of discrimination.").

In light of the above deficiencies, the court dismisses plaintiff's second amended complaint, but with leave to amend.  If plaintiff elects to file a third amended complaint, it shall be captioned "Third Amended Complaint"; shall be limited to 20 pages (including any attachments); shall include only claims under Title VII against defendant Loretta Lynch (in her official capacity as the Attorney General of the United States); and shall outline sufficient facts to show that plaintiff exhausted any required administrative remedies.

Alternatively, if plaintiff no longer wishes to pursue the action at this time, she may instead file a notice of voluntary dismissal of the action without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's second amended complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall either (a) file a third amended complaint in accordance with the requirements of this order or (b) file a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a third amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

////

1  IT IS SO ORDERED.

2  Dated: August 24, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE